(C. D. 384)

Balfour Guthrie & Co. *v.* United States

United States Customs Court, First Division

(Decided October 21, 1940)

*John F. Kavanagh* for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Marcus Higginbotham, Jr.,* and *John J. McDermott,* special attorneys), for the defendant.

Before Brown and Walker, Judges

Walker, Judge: This is a suit to recover from the United States money claimed to have been illegally exacted as customs duties on an importation of India water buffalo hides. The collector of customs assessed duty on the hides at the rate of 10 per centum ad valorem under the provision in paragraph 1530 (a) of the Tariff Act of 1930 for—

Hides and skins of cattle of the bovine species (except hides and skins of the India water buffalo imported to be used in the manufacture of rawhide articles), raw or uncured, or dried, salted, or pickled   *   *   *.

The protest claims free entry of the hides in question should have been allowed under either the provision in paragraph 1765 for "Skins of all kinds, raw, and hides not specially provided for," or that in paragraph 1691 for "Hides and skins of the India water buffalo imported to be used in the manufacture of rawhide articles," the latter being the provision evidently relied upon.

The only evidence offered at the trial was the appraiser's special report in answer to the protest, which was incorporated as part of the record by consent of counsel. It reads as follows:

The merchandise in question is water buffalo hides; and are either dutiable at 10% Par. 1530-A, or are conditionally free under Par. 1530 A & G, Act of 1930. Note T. D. 45030 which supersedes T. D. 44549.

Attached to the protest is a memorandum forwarded by the collector at the time the protest was transmitted to this court. It reads as follows:

The merchandise was described as water buffalo hides and was classified for duty at the rate of 10% under the provisions of paragraph 1530 (a), Tariff Act of 1930.

As no affidavit was filed at the time of entry indicating that the merchandise in question was to be used in the manufacture of rawhide articles, duty was assessed accordingly.

Note appraiser's special report attached.

Note Article 487 Customs Regulations of 1931 (Art. 499, C. R. 1937).

Note T. D. 49452.

The original classification is adhered to.

In the brief filed on behalf of the plaintiffs the issue is thus stated:

The plaintiff claims the collector assessed this merchandise at 10% merely because there was no affidavit filed at the time of entry. See official papers supra.

Plaintiff claims there is no necessity to file such an affidavit because Articles 487 and 499 of the Customs Regulations, insofar as they relate to Buffalo Hides, have no sanction in law, are null and void, and hence the merchandise involved (being Buffalo Hides) is entitled to free entry.

Paragraph 1765, providing for "skins of all kinds, raw, and hides not specially provided for," can have no application to the merchandise at bar for the reason that it is proved to be hides of the water buffalo. Such hides are provided for in the tariff act under paragraph 1691 if imported to be used in the manufacture of rawhide articles, and under paragraph 1530 (a) if imported for other purposes. Examination of the entire record before us discloses that it nowhere appears in the official papers nor was any evidence offered by either party establishing, or tending to establish, that the hides in question were imported to be used in the manufacture of rawhide articles. Whether articles 487 and 499 of the customs regulations are valid or not, it was incumbent on the plaintiffs to establish as a necessary part of their *prima facie* case *before this court* that the hides in issue were imported to be used in the manufacture of rawhide articles, and on failure so to do and in the absence of any proof on the point, the plaintiffs cannot succeed here. Discussion of the matters treated of in plaintiffs' brief is therefore unnecessary.

The protest must be overruled and judgment for the defendant issued accordingly.